**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Ave., 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
       pkim@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCK GUERRIER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEMTREX, INC., SAAGAR GOVIL, RENATO DELA RAMA, and ARON GOVIL,<br><br>Defendants. | Case No. 17-cv-1071<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Franck Guerrier ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Cemtrex, Inc. ("Cemtrex" or the "Company"), analysts' reports and advisories about the Company, and information

1

readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities, other than Defendants, who purchased or otherwise acquired the publicly traded securities of Cemtrex between October 26, 2016 and February 22, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business, maintain offices in this District, and a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased Cemtrex securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7. Defendant Cemtrex provides electronic manufacturing services of electric system assemblies, instruments and emission monitors for industrial processes, and industrial air filtration and environmental control systems worldwide. The Company is incorporated in Delaware and its principal executive offices are located at 19 Engineers Lane, Farmingdale, New York. The Company's common stock is traded on NASDAQ under the ticker symbol "CETX."

8. Defendant Saagar Govil ("S. Govil") has been the Chief Executive Officer ("CEO") and President of Cemtrex since December 19, 2011 and its Chairman since June 10, 2014.

9. Defendant Renato Dela Rama ("Rama") has been the Vice President of Finance at Cemtrex since December 2004.

10. Defendant Aron Govil ("A. Govil"), the father of Defendant S. Govil, has served as the Executive Director of Cemtrex throughout the Class Period, and previously served as the CEO, President, and Treasurer of Cemtrex between December 2004 and December 19, 2011. Defendant A. Govil also served as the Chairman of Cemtrex until June 10, 2014.

11. Defendants S. Govil, Rama, and A. Govil are sometimes referred to herein as the "Individual Defendants."

12. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

13. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

14. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

15. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

16. On October 26, 2016, before market hours, Cemtrex issued a press release entitled "Cemtrex Announces Preliminary Fiscal Year 2016 Results," announcing its preliminary financial results for the fiscal year ended September 30, 2016, stating in pertinent part:

### Cemtrex Announces Preliminary Fiscal Year 2016 Results

Sales for FY 2016 are up 64% and net income is up 73%

NEWS PROVIDED BY
**Cemtrex Inc.**
Oct 26, 2016, 09:00 ET

FARMINGDALE, N.Y., Oct. 26, 2016 /PRNewswire/ -- Cemtrex Inc. (CETX), a world-leading industrial and manufacturing solutions company, today announced preliminary financial results for the fiscal year ended September 30, 2016. For the year, the Company anticipates that consolidated sales will be in the range of $93 million to $95 million and net income will be in the range of $4.8 million to $5.0 million. The Company anticipates that EBITDA for the FY 2016 will be in the range of $6.6 to $7.0 million compared to $3.9 million a year ago and that earnings per share will increase to $0.52 per share based on approximately 9.4 million shares outstanding as compared to $.40 per share in last fiscal year based on approximately 7.0 million shares outstanding. These preliminary financial results represent the most current information available to management and are subject to completion of the Company's customary year-end closing and review procedures, as well as the completion of the audit by the Company's independent auditor.

"With FY 2016 revenue up at least 64% compared to the prior year and EBIDTA up approximately 74% compared to the similar period a year ago, we have delivered 571% sales growth and 1600% net income growth since fiscal 2013," said Saagar Govil, Chairman & CEO. "During this period we have positioned the Company towards a diversified model which aims to capitalize on the continued global growth in highly advanced electronics manufacturing and the industrial equipment and services markets, thus providing increasing momentum for continued profitable growth in the coming years."

The Company anticipates releasing its year-end results in late December and will provide an update and outlook for fiscal year 2017 at that time.

17. On December 28, 2016, the Company filed a Form 10-K for the fiscal year ended September 30, 2016 (the "2016 10-K") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of September 30, 2016. The 2016 10-K was signed by Defendants S. Govil, Rama, and A. Govil. The 2016 10-K also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants S. Govil and Rama attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18. On February 14, 2017, the Company filed a Form 10-Q for the quarter ended December 31, 2016 (the "1Q 2017 10-Q") with the SEC, which provided the Company's first quarter 2017 financial results and position. The 1Q 2017 10-Q was signed by Defendants S. Govil and Rama. The 1Q 2017 10-Q contained signed SOX certifications by Defendants S. Govil and Rama attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19. The statements referenced in ¶¶ 16 - 18 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendant A. Govil's role at Southern Steel & Construction Inc., which has been paying a notorious stock promoter, Small Cap Specialists, to promote Cemtrex's stock; and (2) as a result, Defendants' statements about the

Company's business, operations and prospects were materially false and misleading and/or lacked a reasonable bases at all relevant times.

### The Truth Emerges

20. On February 22, 2017, *Seeking Alpha* published an article entitled "Cemtrex: Documents And Photos, All Signs Point To Deception And Failure," asserting that over $1 million has been paid to notorious stock promoters to promote Cemtrex, and Cemtrex's founder, Defendant A. Govil, is secretly paying promoters behind imploded frauds like Forcefield Energy and Code Rebel via an undisclosed entity[12], stating in pertinent part:

> **Cemtrex: Documents And Photos, All Signs Point To Deception And Failure**
>
> **Must Read**|Feb. 22, 2017 9:45 AM ET|61 comments| About: Cemtrex, Inc. (CETX)
>
> **Summary**
>
> - On Tuesday, Cemtrex fell 13% on huge volume. On the preceding trading day, Cemtrex's banker Source Capital quietly had its SEC and FINRA registrations terminated following multiple violations.
>
> - Over $1 million has been paid to notorious stock promoters sending CETX soaring from below $2. Heavy undisclosed selling by CETX insiders during paid promotion.
>
> - Documents: Founder Aron Govil is secretly paying promoters via an undisclosed entity with little or no other activity. Using same promoters behind imploded frauds ForceField Energy and Code Rebel.

---

[1] Plaintiff's counsel independently corroborated the *Seeking Alpha* article by obtaining Southern Steel & Construction Inc.'s entity information from the New York State Department of State, Division of Corporations, Corporation and Business Entity Database (the "NYS Corporations Database"). A true and correct copy of Southern Steel & Construction Inc.'s entity information, obtained from the NYS Corporations Database on February 24, 2017, is attached hereto as Exhibit A.

[2] Plaintiffs' counsel also reviewed the same proxy statement referenced in the *Seeking Alpha* article showing Defendants' stock sales.

- Photos: CETX's supposed audit firm traced to vacant strip mall in Texas, no operations. Controlling partner was banned by SEC for multiple fraudulent audits, under multiple firm names.

- Nearly $100 million in revenues, from four countries on three continents. Cemtrex pays auditor just $20,000 per year in audit fees to sign off on financials. Nonsense.

\*     \*     \*

1. Cemtrex is being heavily promoted by a promotion firm known as "Small Cap Specialists" (aka "SCS"). Past SCS promotions have been repeatedly halted or delisted due to financial irregularities or outright **fraud**. (Examples include delisted frauds ForceField Energy and Code Rebel, among others). On its website, the SEC has gone so far as to specifically warn investors about these exact type of promoters as an indication of **micro-cap fraud**.

2. Documents indicate that Aron Govil is paying this same promoter SCS to promote Cemtrex via wire transfers from an undisclosed entity in New York. The paid promotion by Cemtrex insiders has not been disclosed to Cemtrex investors. In the past, I have seen numerous examples of other companies engaged in similar undisclosed paid promotions that resulted in Federal charges or lawsuits for **securities fraud**.

3. As the share price has soared due to promotion, documents show that shares held by Cemtrex insiders (Aaron Govil, Saagar Govil and CFO Dela Rama) have been decreasing substantially during 2016, yet **Cemtrex insiders have failed to disclose any sales on Form** 4s during 2016. On places like Twitter, the Govils continue to tout the stock, encouraging retail investors to buy.

4. The controlling partner behind Cemtrex's auditor was banned by the SEC and PCAOB for conducting **fraudulent audits** or reviews of public companies while performing little or no work and without even being licensed. Cemtrex's auditor continues to claim that the firm is run from an office in Texas. But **photos** show that this address traces to a long-since **vacant strip mall**. The audit firm is **not even licensed** to practice in Texas. The only listed phone number in the US has been disconnected. That partner has repeatedly audited public companies under the guise of differently named audit firms, which have then been shut down. When one audit firm gets shut down, he has **repeatedly** created new ones and then audits the **same clients,** using the **same personnel**, reporting the **exact same address** in Texas. Cemtrex's prior auditor was **shut down by the PCAOB** and is now classified as a "prohibited service provider". Despite having revenues of nearly $100 million and operations in four countries across three continents, Cemtrex has only paid these auditors a mere $15,000-20,000 per year to "audit" its complex financials.

8

5. The investment banks and IR firms hired by Cemtrex (including Source Capital) have repeatedly represented other heavily promoted companies that have been promoted by SCS or other promoters. There has been long running and significant involvement with companies, individuals or activities implicated in **securities fraud**.

*   *   *

**First,** I will show how SCS repeatedly runs paid promotions on fraudulent companies, which are then halted and/or delisted.

**Second**, I will show the **documents** which show that Aron Govil is paying SCS to promote Cemtrex, using an undisclosed entity name.

And in the **next section**, I will then show how **Cemtrex insiders are secretly selling shares** during the paid promotion campaign, without disclosing the sales to investors.

Evidence of various paid promotions on Cemtrex along with the payments involved can be found at promotion tracking sites such as Hotstocked.com and StockPromoters.com. But these sites typically only capture a fraction of the promotions under way.

As we can see from these sites, a well-oiled stock promotion machine began aggressively pumping Cemtrex through a wide variety of online channels. So far, **over $1 million has been paid to stock promoters.**

**I include a partial screen shot showing various paid promotions on Cemtrex at the bottom of this section, or just click the links above. Here are just a few of the examples. There are dozens and dozens more, each of which tend to cost from $10,000 to $50,000 a pop.**

I will demonstrate below that Aron Govil is behind Southern Steel & Construction which is paying SCS. SCS has been responsible for numerous paid promotions on Cemtrex.

investment advisors. SCS LLC has been compensated thirty thousand dollars' cash via bank wire by Southern Steel and Construction, Inc. for two to three days' coverage of CETX. Investing in micro-cap and growth securities is highly speculative

Compensation: SCS LLC has been compensated thirty thousand dollars' cash via bank wire by Southern Steel and Construction, Inc.
Date: 10/13/2016  View:  Share:

Schedule 13D. SCS LLC is compliant with the Can Spam Act of 2003. SCS LLC has been compensated twenty thousand dollars cash via bank wire by Star Media LLC for a two day investor relations/ media campaign of CETX. SCS LLC does not hold any positions in CETX securities. SCS LLC does not offer such

> **Compensation:** SCS LLC has been compensated thirty thousand dollars' cash via bank wire by Southern Steel and Construction, Inc.
> Date: 10/13/2016 View: ✉ Share: f 🐦

> **Compensation:** SCS LLC has been compensated ten thousand dollars' cash via bank wire by Third Coast media LLC for a one day update for investor relations and media services of CETX on 08/08/2016.
> Date: 8/8/2016 View: ✉ Share: f 🐦

> **Compensation:** SCS LLC was previously compensated by Star media LLC a total of twenty five thousand dollars cash via bankwire for the mention of CETX however SCS LLC has NOT been compensated for this correspondence.
> Date: 6/6/2016 View: ✉ Share: f 🐦

**This aggressive paid promotion is what took the stock from below $1.70 to over $7.00 in 2016.**

(For more details on the past frauds or promotions by SCS which were halted, delisted or imploded, see Appendix A)

*Aron Govil's hidden paid promotion using SCS promoters*

Here is just one example of an SCS promotion of Cemtrex which was paid for by an entity called "Southern Steel and Construction". This promotion was dated October 2016, but it notes that **SCS had been covering Cemtrex for a full-year prior**.

**We can see below that just two or three days coverage cost "Southern Steel" $30,000, which was paid via bank wire.**

(Note: This single payment to SCS for just 2-3 days of stock promotion is more than all the audit fees paid to its auditor Bharat Parikh for the full year for any of the last three years!)

**The SCS promotion begins with:**

Good morning everyone. This week's featured profile is one of our favorite small caps since our initial **coverage in October 2015**. Cemtrex, Inc. (CETX) CETX has been an amazing growth story through organic and acquisitions since **our initial coverage last year**. We are excited about what may be in store for this company going forward.

**Here is a screenshot noting payment of $30,000 by Southern Steel for just 2-3 days coverage:**

10

investment advisors. SCS LLC has been compensated thirty thousand dollars' cash via bank wire by Southern Steel and Construction, Inc. for two to three days' coverage of CETX. Investing in micro-cap and growth securities is highly speculative

**So just who is Southern Steel?**

**The only individual identified on a search from the New York Department of State is Aron Govil at 19 Engineers Lane (which is Cemtrex's address).**

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through January 30, 2017.

Selected Entity Name: SOUTHERN STEEL & CONSTRUCTION INC.
Selected Entity Status Information
Current Entity Name: SOUTHERN STEEL & CONSTRUCTION INC.
DOS ID #: 4244910
Initial DOS Filing Date: MAY 14, 2012
County: SUFFOLK
Jurisdiction: NEW YORK
Entity Type: DOMESTIC BUSINESS CORPORATION
Current Entity Status: INACTIVE - Dissolution by Proclamation / Annulment of Authority (Aug 31, 2016)

Information to reinstate a corporation that has been dissolved by proclamation or annulment of authority by proclamation is available on the New York State Department of Taxation and Finance website at www.tax.ny.gov keyword TR-194.1 or by telephone at (518) 485-6027

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
ARON GOVIL
19 ENGINEERS LANE
FARMINGDALE, NEW YORK, 11735
**Registered Agent**
NONE

**First off....**so New York's corporate records for Southern Steel, which is paying for Cemtrex promotions by SCS, lists only Aron Govil at the same address as Cemtrex.

**And then second....**Southern Steel's entity status is listed as "inactive," meaning that since August 2016, it has engaged in little or no other business activity other than paying SCS to promote Cemtrex.

In fact, this information is a bit difficult to find. By default, the NY State database only shows "active" corporations. So when searching for this, one must opt to explicitly search for "all" corporations, both Active and Inactive.

**Again, this is just a single example of a paid SCS promotion.**

*(For a screenshot of additional Cemtrex promotions please look in Appendix B)*

21. On this news, shares of Cemtrex fell $1.72 per share or over 33.5% from its previous closing price to close at $3.40 per share on February 22, 2017, damaging investors.

22. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Cemtrex securities publicly traded on NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Cemtrex securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and

can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

25. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

    b. whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

    c. whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

    d.      whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

    e.      whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

    f.      whether the prices of Cemtrex securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

    g.      whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

29. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

    a.      Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

    b.      the omissions and misrepresentations were material;

    c.      Cemtrex securities are traded in efficient markets;

    d.      the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

    e.      the Company traded on NASDAQ, and was covered by multiple analysts;

    f.       the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

    g.       Plaintiff and members of the Class purchased and/or sold Cemtrex securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

30. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

31. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

32. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

33. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

34. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they

contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

35. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Cemtrex securities during the Class Period.

36. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

37. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and

disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

38. As a result of the foregoing, the market price of Cemtrex securities were artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Cemtrex securities during the Class Period in purchasing Cemtrex securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

39. Had Plaintiff and the other members of the Class been aware that the market price of Cemtrex securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased Cemtrex securities at the artificially inflated prices that they did, or at all.

40. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

41. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Cemtrex securities during the Class Period.

## COUNT II

**Violation of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

42. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

17

43. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

44. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

45. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Cemtrex securities.

46. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which

comprise the primary violations about which Plaintiff and the other members of the Class complaint.

47. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 24, 2017

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Phillip Kim
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Ave., 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
       pkim@rosenlegal.com

Counsel for Plaintiff